IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 8 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

PRODUCE ONE, INC.,                              :
                                                :
              Plaintiff,                         :
                                                :
vs.                                             :
                                                :
FRESH SOLUTIONS, INC.,                          :
J. SCOTT GREEN, JOSEPH T.                       :
CERNIGLIA, and MORRIS C.                        :
LEWIS, III,                                     :
                                                :       CIVIL ACTION NO.
              Defendants.                        :
_____                 :       1:04-CV-0451-CC
                                                :
MORRIS C. LEWIS, III,                           :
                                                :
              Cross-Claim Plaintiff,             :
                                                :
vs.                                             :
                                                :
J. SCOTT GREEN and JOSEPH T.                    :
CERNIGLIA,                                       :
                                                :
              Cross-Claim Defendants.            :
_____                 :

## ORDER

This matter is before the Court on the Motion to Enforce Settlement [Doc. No. 54] filed by Defendants Morris C. Lewis, III, Jonathon Scott Green, and Joseph T. Cerniglia. The parties have briefed the relevant issues and submitted affidavits and other pertinent documents. Having heard oral argument from the parties on January 27, 2005,[1] the Court enters the following comprehensive Order, which is consistent with the ruling the Court announced at the hearing:

---

[1]      Defendant Fresh Solutions, Inc. ("Fresh Solutions") is in bankruptcy. Therefore, this action is stayed as to Fresh Solutions.

## I.    BACKGROUND

On February 17, 2004, Plaintiff Produce One, Inc. commenced this action under the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a, et seq. ("PACA").  Produce One's Complaint alleges that it is owed money for the sale of produce to Fresh Solutions.  Produce One brought suit against Fresh Solutions and Jonathon Scott Green, Joseph T. Cerniglia, and Morris C. Lewis, III.  Produce One contends that Defendants Green, Cerniglia, and Lewis are secondarily liable for the debt of Fresh Solutions because they allegedly breached their statutory trust obligations under the PACA statute.  Defendants Green, Cerniglia, and Lewis deny personal liability to Produce One.

It appears from the record that Produce One and Defendants Lewis, Cerniglia, and Green began negotiating settlement as early as October 29, 2004.  On October 29, 2004, Defendants Lewis, Cerniglia, and Green offered Produce One $30,000.00 cash now to settle the matter. (Aff. of Mary Jean Fassett, Ex. B.)[2]  Produce One made a counteroffer of $85,000.00 cash now, plus whatever monies Produce One received from the bankruptcy proceedings of Fresh Solutions.  (Id.)  On December 2, 2004, Defendants Lewis, Cerniglia, and Green offered $50,000.00 cash now, plus $30,000.00 over time from Defendants Cerniglia and Green, which would be secured by judgments, plus whatever monies Produce One received from the bankruptcy proceedings.  (Id.)  On that same day, Produce One countered at $75,000.00 cash now, plus $30,000.00 secured over time from Defendants Cerniglia and Green, plus whatever monies Produce One received from the bankruptcy proceedings.  (Id.)  On December 3, 2004, Defendants Lewis, Cerniglia, and Green offered $60,000.00 cash now, plus $30,000.00 secured over time from Defendants Cerniglia and Green, plus whatever monies Produce One received from the bankruptcy proceedings.  (Id.)

---

[2]    The Affidavit of Mary Jean Fassett is attached to Plaintiff's Opposition to Defendants' Motion to Enforce Settlement.

Produce One rejected that offer by letting the offer expire at 5:00 p.m. that afternoon, (id.; see also Aff. of Fassett, Ex. A), and Defendants Lewis, Cerniglia, and Green advised three days later on December 6th that the offer was still on the table (Aff. of Fassett, Exs. A, B). Produce One again rejected the offer without making a counteroffer. (Id.)

On December 7, 2004, Produce One made a settlement demand of $80,000.00 now (certified funds paid on or before 12/17/04), plus $30,000.00 secured over time from Defendants Cerniglia and Green, plus whatever Produce One received from the bankruptcy proceedings. (Aff. of Fassett, Ex. B.) On December 8, 2004, counsel for Defendant Lewis, Robin Loeb, advised in writing that Defendants Lewis, Cerniglia, and Green accepted the offer made by Produce One, but Ms. Loeb proposed additional terms. (Aff. of Fassett, Ex. C.) Ms. Loeb stated that the cash payments of $80,000.00 would be made according to the following breakdown: $60,000.00 in certified funds paid on or before December 17, 2004, from Defendant Lewis; $10,000.00 in certified funds paid on or before December 17, 2004, from Defendant Green; and $10,000.00 in certified funds paid on or before December 17, 2004, from Defendant Cerniglia. (Id.) Ms. Loeb further advised that Defendants Green and Cerniglia would each pay an additional $15,000.00 by making payments of $250.00 per month each for a period of 60 months, secured by a Consent Order. (Id.) Additionally, Produce One would be entitled to whatever monies it received from the bankruptcy proceedings. (Id.) Ms. Loeb further stated that if either of the Defendants defaulted on payments to Produce One, the liability for those payments would not shift to any other Defendant. (Id.) Finally, Ms. Loeb added that the agreement should provide that once Mr. Lewis made his timely payment of $60,000.00, he would receive a complete release from Produce One. (Id.) Ms. Loeb represented that she had spoken with counsel for Defendants Cerniglia and Green, Steven Kushner, and his clients had agreed to the terms she set out. (Id.) Ms. Loeb asked that Ms. Fassett acknowledge acceptance of the revised terms by executing the

- 3 -

December 8, 2004 correspondence, but Ms. Fassett did not do so.   (See id.)  The
following day, Ms. Fassett stated in writing that the parties did have a settlement
pursuant to the terms set forth in Ms. Loeb's letter of December 8th, subject only to
working out an acceptable consent order regarding the payments over time by
Defendants Cerniglia and Green.  (Def. Lewis's Reply to Pl.'s Opposition to Defs.'
Mot. to Enforce Settlement, Ex. 2.)

After the parties reached the aforementioned settlement in principle, the
attorneys began drafting the settlement paperwork.  Included among the final
documents are the following: (1) a Release and Settlement Agreement; (2) a
Stipulation and Order; (3) Joint Motions for Entry of Consent Judgment; and (4)
Consent Judgments. (Attached hereto as Exs. 1 through 6.)  Mr. Kushner initially
drafted a consent order to which Ms. Fassett indicated she wanted to make changes.
(Aff. of Fassett, Exs. D, E.)  The consent order apparently became the Stipulation and
Order referenced above.  On December 13, 2004, Ms. Fassett sent Ms. Loeb and Mr.
Kushner draft settlement documents for their review and comment. (Aff. of Fassett,
Ex. F.)  The settlement documents demonstrated, among other things, the following:
(1) the payments due on or before December 17, 2004, would be in the amount of
$60,000.00 from Defendant Lewis, $10,000.00 from Defendant Green, and $10,000.00
from Defendant Cerniglia; (2) upon receipt of the $60,000.00 from Defendant Lewis,
Produce One would file a Stipulation of Dismissal with Prejudice as to Defendant
Lewis and issue a General Release in his favor; (3) Defendants Green and Cerniglia
were each to make payments of $15,000.00 to Produce One over time; (4) the entire
amount of $25,000.00 to be paid by each Defendants Green and Cerniglia would be
secured by consent judgments in case Defendant Green and/or Cerniglia defaulted
on a payment;[3] and (5) upon receipt of the sum of $25,000.00 by each Defendants

---

[3]      As reflected in the letters exchanged previously by counsel for the parties, the
parties had previously negotiated securing the amount of $15,000.00 to be paid by each
Defendants Green and Cerniglia over time rather than the entire amount of $25,000.00.

Green and Cerniglia, Produce One would file a Stipulation of Dismissal with Prejudice as to each of them and issue General Releases in their favor. (See Def. Lewis's Reply to Pl.'s Opposition to Defs.' Mot. to Enforce Settlement, Ex. 5.)

On December 14, 2004, Ms. Loeb advised that the parties were still settled but stated that she and Mr. Kushner had some minor changes to Ms. Fassett's draft of the settlement paperwork. (Def. Lewis's Reply to Pl.'s Opposition to Defs.' Mot. to Enforce Settlement, Ex. 7.) Mr. Kushner also sent an e-mail to Ms. Fassett and Ms. Loeb on December 14, 2004, stating that they were settled. (Def. Lewis's Reply to Pl.'s Opposition to Defs. Mot. to Enforce Settlement, Ex. 8.) Later that day, Mr. Kushner informed Ms. Fassett and Ms. Loeb that he had "revised the Stipulation and Order to reflect that the Defendants are not admitting liability, and to clarify the amount due in the event Green or Cerniglia default." (See Aff. of Fassett, attached e-mail sent on December 14, 2004, at 5:53 p.m.)

On or around the evening of December 14, 2004, the parties began to dispute a couple of the terms of the agreement. First, Produce One wanted an admission of liability from Defendants Lewis, Cerniglia, and Green, which they were unwilling to provide. (Aff. of Fassett, attached e-mails sent on December 14-15, 2004.) Second, Produce One wanted the consent judgments to be under the trust provisions of the PACA Statute. (Id.) On December 16, 2004, Mr. Kushner apparently made some changes to the documents, which he thought would resolve the issues. (Aff. of Fassett, attached e-mail sent on December 16, 2004, at 10:32 a.m.)

On December 16, 2004, Produce One's counsel, Ms. Fassett stated the following concerns: (1) she wanted to know if Defendant Lewis was supposed to be included in the preamble of the Stipulation and Order; (2) she wanted changes made to paragraph 1 of the Stipulation and Order; (3) she wanted paragraphs 3 and 4 of the Release and Settlement Agreement to be revised to make clear that the Joint Motions for Entry of Consent Judgment were being hel d in escrow, not the Stipulation and Order; and (4) she wanted paragraph 21 of the Release and

Settlement Agreement to be revised to clarify that the Stipulation and Order, Joint Motions for Entry of Consent Judgment, and Consent Judgments still had force and effect on their own. (Aff. of Fassett, attached e-mail sent on December 16, 2004, at 12:43 p.m.) About an hour later, Mr. Kushner responded to Ms. Fassett's concerns regarding paragraph 1 of the Stipulation and Order, agreed to make the changes to paragraphs 3 and 4 of the Release and Settlement Agreement, and agreed to include in paragraph 21 of the Release and Settlement Agreement language stating that all of the settlement documents would constitute the complete agreement. (Aff. of Fassett, attached e-mail sent on December 16, 2004, at 1:47 p.m.) Less than three hours later, Ms. Fassett responded as follows:

> Green light.
>
> Leave paragraph 1 as you propose.
>
> I think the Stip and Order is confusing in that Lewis isn't mentioned in the Preamble, but he's signing off on the pleading.
>
> Please make the change on 3 and 4, and 21 as you have indicated you would.
>
> Thank you for your help in resolving the matter.

(Aff. of Fassett, attached e-mail sent on December 16, 2004, at 4:21 p.m.) Based on Ms. Fassett's e-mail, Mr. Kushner proceeded to revise the documents. He circulated the revised documents to Ms. Fassett and Ms. Loeb later that same afternoon. (Aff. of Fassett, attached e-mail sent on December 16, 2004, at 4:55 p.m.) He suggested that the parties get the documents signed by their clients and fax the signatures over to one another the next morning. (Id.)

On the morning of December 17, 2004, Ms. Fassett advised that she had received a certified check from Mr. Lewis but that she had not received the money due from Defendants Cerniglia and Green. (Aff. of Fassett, attached e-mail sent on December 17, 2004, at 11:48 a.m.) Mr. Kushner responded that Defendants Green and Cerniglia each had wiring instructions and that they would not be sending their checks through him. (Aff. of Fassett, attached e-mail sent on December 17, 2004, at

12:08 p.m.) He also stated that he believed Defendant Lewis had signed or would be signing the Stipulation and Order that morning and that he expected to receive signature pages from his clients by fax and/or hand delivery. (Id.) Mr. Kushner ended the e-mail by asking whether Produce One had signed the Stipulation and Order. (Id.) In response, Ms. Fassett advised that she had faxed the settlement paperwork to Produce One first thing that morning. (Aff. of Fassett, attached e-mail with no header.) She stated that she had not received signed paperwork from Produce One or any of the Defendants and she inquired again about the payments due from Defendants Green and Cerniglia. (Id.)

While Defendant Lewis made his payment of $60,000.00 to Produce One in a timely manner, Defendants Green and Cerniglia still have not made their respective payments of $10,000.00 to Produce One. However, Defendants Green and Cerniglia did sign the Stipulation and Order, as did Defendant Lewis. Produce One did not sign the Stipulation and Order. On December 21, 2004, Produce One returned the $60,000.00 check tendered by Defendant Lewis. (See Def. Lewis's Reply to Pl.'s Opposition to Defs.' Mot. to Enforce Settlement, Ex. 12.) In the letter with which Ms. Fassett sent the check, Ms. Fassett stated, in part, the following:

> Unfortunately, the matter has not been resolved, as the underlying consideration – $80,000 in certified funds on or by December 17, 2004 – has not been received. No funds have been tendered by Mr. Cerniglia or Mr. Green, contrary to the proposed Stipulation and Consent Order upon which the global settlement was conditioned. Furthermore, Mr. Cerniglia advised Produce One, Inc. yesterday that he has no funds to tender to Produce One, that he never intended to tender any funds to Produce One, and that his counsel was fully aware of this at all times.

(Id.)

Produce One has submitted an affidavit from Ms. Fassett and the president of Produce One, Gary M. Pavlofsky, to support its contention that Defendant Cerniglia never intended to pay Produce One and that his attorney was aware of this at all times. Defendant Cerniglia, Mr. Kushner, and Ms. Loeb have each submitted affidavits to provide their individual recollection of the events pertaining

to the alleged settlement. Defendants Lewis, Cerniglia, and Green move to enforce the settlement agreement, and Produce One opposes the motion.

## II.    STANDARD

Georgia law governs the construction and enforcement of the alleged settlement agreement at issue in this case. See Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985). Georgia law holds that "an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract." Stacey v. Jones, 230 Ga. App. 213, 215(2), 495 S.E.2d 665 (1998) (citation omitted); see also McKie v. McKie, 213 Ga. 582, 583, 100 S.E.2d 580 (1957). There must have been a meeting of the minds of the parties "at the same time, upon the same subject matter, and in the same sense." Stacey, 230 Ga. App. at 215; see also O.C.G.A. § 13-3-2 (1982). "[A]n attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." Walls v. Walls, 260 Ga. App. 673, 675, 580 S.E.2d 564 (2003); see also Stone Mountain Confederate Monumental Ass'n v. Smith, 170 Ga. 515, 521, 153 S.E. 209, 211 (1930).

When the parties have compromised to resolve a dispute, the parties are bound by that compromise. Stacey, 230 Ga. App. at 215. "Assent to the terms of the agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely." Wong, 752 F.2d at 621 (citing Smith v. Hornbuckle, 140 Ga. App. 871, 875, 232 S.E.2d 149, 153 (1977)). "[T]he parties' failure to follow through with the agreement [does not] negate the existence of the agreement or render it unenforceable." Commercial Union Ins. Co. v. Marco Transp. Co., 211 Ga. App. 844, 845(1), 440 S.E.2d 730 (1994). "It is well settled that our law favors compromises, and an agreement to settle a pending lawsuit should be enforced according to its terms." McClain v. George, 267 Ga. App. 851, 854, 600 S.E.2d 837 (2004) (citing Smith v. Haverty Furniture Co., 173 Ga. App. 447, 448, 326 S.E.2d 812 (1985)).

## III.    DISCUSSION

Having carefully read and considered the briefs and other documents submitted by the parties in connection with the Motion to Enforce Settlement and having considered the arguments of the parties at the hearing on the same, the Court hereby finds that Produce One and Defendants Lewis, Green, and Cerniglia reached an enforceable settlement of the claims brought by Produce One. The terms of the settlement are memorialized in six documents: (1) the Release and Settlement Agreement; (2) the Stipulation and Order; (3) the Joint Motion for Consent Judgment Against Defendant Cerniglia; (4) the Consent Judgment Against Defendant Cerniglia; (5) the Consent Judgment Against Defendant Green; and (6) the Consent Judgment Against Defendant Green.

As Defendants Lewis, Green, and Cerniglia contend, the basic terms of the agreement provided the following: (1) Defendant Lewis was to make a lump sum payment of $60,000.00 to Produce One on or before December 17, 2004; (2) upon receipt of the $60,000.00 payment from Defendant Lewis, Produce One was to file a Stipulation of Dismissal with Prejudice as to Defendant Lewis and issue a General Release in his favor; (3) Defendant Cerniglia was to make a partial payment of $10,000.00 to Produce One on or before December 17, 2004; (4) Defendant Cerniglia was to make monthly payments of $250.00 to Produce One for sixty (60) months, totaling $15,000.00; (5) Defendant Green was to make a partial payment of $10,000.00 to Produce One on or before December 17, 2004; (6) Defendant Green was to make monthly payments of $250.00 to Produce One for sixty (60) months, totaling $15,000.00; (7) the entire amount of $25,000.00 to be paid by each Defendants Green and Cerniglia was to be secured by the Stipulation and Order and the consent judgment(s) to be entered if Defendant Green and/or Defendant Cerniglia defaulted on their payments; and (8) upon receipt of the entire $25,000.00 payment from each Defendants Green and Cerniglia, Produce One was to file a Stipulation of Dismissal with Prejudice as to each of them and issue General Releases in their favor. The

Court finds that these terms are clear and unambiguous and adequately reflect the intent of the parties. See Southern Fed. Saving and Loan Ass'n v. Lyle, 249 Ga. 284, 287, 290 S.E.2d 455 (1982) ("where the terms of a contract are clear and unambiguous, the court must look to those terms alone to determine the intent of the parties").

Counsel for Produce One agreed to these terms when she sent the e-mail to Mr. Kushner and Ms. Loeb on December 16, 2004, stating "[g]reen light" (the "green light" email). Produce One's counsel contends that "green light" referred to the provision regarding admission of liability, not to the settlement documents in totality. However, a close review of her entire "green light" e-mail and a review of the e-mails that followed reveal, both individually and collectively, that her argument is unconvincing. First, her "green light" e-mail demonstrates that the "green light" referred to the totality of the settlement documents because the rest of the "green light" e-mail reflects that the parties had reached an agreement on the remaining dispute regarding admission of liability and other proposed changes to the settlement documents. Further, Ms. Fassett indicated in an e-mail on the following day that she had sent the settlement paperwork to her client but still had not received the signature page. She also asked about when she would receive signature pages from Defendants Lewis, Cerniglia, and Green. Ms. Fassett's actions and statements are inconsistent with a settlement not being reached. Therefore, even if Ms. Fassett's "green light" e-mail did not represent her consent to the entire agreement and even if neither Produce One nor Ms. Fassett signed the settlement documents, Ms. Fassett's assent to the terms of the agreement can be implied from her actions and statements that followed. See Wong, 752 F.2d at 621. Defendants Lewis, Cerniglia, and Green are therefore entitled to enforce the settlement agreement against Produce One. See Stone Mountain, 171 Ga. at 521.

Additionally, if Ms. Fassett still had issues with any of the settlement documents or their terms, it is reasonable to expect that she would have raised these

issues prior to sending the settlement documents to her client for signature or asking opposing counsel for their clients' signatures.  It is undisputed that Produce One's counsel never mentioned any remaining issues with the settlement documents until she filed her opposition to the Defendants' Motion to Enforce Settlement.  To the extent any proposed changes to the agreement were not made as Produce One contemplated, Produce One's counsel should have raised these concerns much earlier.

Contrary to the arguments of Produce One, the agreement is not unenforceable under the doctrine of failure of consideration.  Here, the settlement agreement is supported by bargained-for consideration.  This consideration includes promises to pay by Defendants Lewis, Green, and Cerniglia and the agreement to enter consent judgments against Green and Cerniglia in the event they failed to pay any portion of the $25,000.00 they promised.

Moreover, Produce One's arguments regarding failure of condition precedent are equally unavailing.  The main bone of contention is whether Produce One was to receive $80,000.00 as a condition precedent to the settlement agreement being enforceable.  As an initial matter, it is clear that the settlement agreement documents negotiated by the parties do not reference the figure "$80,000.00."  While the parties repeatedly referred to "$80,000.00" in the negotiations leading up to the finalization of the agreement, the final settlement agreement documents unambiguously treat Defendants Lewis, Cerniglia, and Green individually with respect to their payments and dismissals from the lawsuit.  The Release and Settlement Agreement and the Stipulation and Order specifically provide that Mr. Lewis is entitled to a release upon Produce One's receipt of $60,000.00 from him.  These documents further provide that Defendant Green is entitled to a release upon Produce One's receipt of the sum of $25,000.00 from him.  Finally, these documents provide that Defendant Cerniglia is entitled to a release upon Produce One's receipt of the sum of $25,000.00 from him.  The Release and Settlement Agreement further provided in paragraph

12 that "the default by one of the parties shall not affect any other party."

Nowhere in the agreement documents is there a statement regarding any conditions precedent, and the agreement clearly contemplates the possibility that Defendants Green and Cerniglia would not pay their initial $10,000.00 payments insofar as those amounts were secured along with the monthly payments required from them. The Court is convinced that counsel for Produce One had this understanding because the consent judgments, which were drafted by Produce One's counsel, never revised, and prepared only for Defendants Green and Cerniglia, also reflect that the entire $25,000.00 owed by each Defendants Green and Cerniglia was secured. If the $10,000.00 payments by Defendants Green and Cerniglia were conditions precedent to their being a settlement, there would have been no need for those amounts to be secured because no settlement would have occurred without the payments.

Produce One also argues that Defendants Lewis, Cerniglia, and Green cannot enforce the agreement because they are in default of the agreement. The Court acknowledges that it is generally true that "[a] party seeking specific performance of a contract must show substantial compliance with his part of the agreement ..." Lee v. Lee, 191 Ga. 728, 734, 13 S.E.2d 774, 775 (1941). However, Defendant Lewis already tendered $60,000.00 to Produce One. Thus, it is clear that Defendant Lewis has complied with his promise to pay. Further, with respect to Defendants Cerniglia and Green, they could comply with the agreement either by making their respective payments of $25,000.00 or following through with their agreement to have consent judgments entered against them if they failed to make a payment. Thus, the Court is of the opinion that this case is distinguishable on its facts from Lee.

Produce One further maintains that the settlement agreement at issue is void under the doctrines of frustration of purpose and fraud and due to the Defendants' alleged violations of fair dealing and good faith. However, Produce One has not cited any binding authority to demonstrate that these doctrines are applicable.

Moreover, as the Court stated previously, the settlement documents drafted and agreed to by the parties contemplated that Defendants Cerniglia and Green might default on their payments, including their initial payments of $10,000.00.  The settlement documents provided for this contingency.  Therefore, irrespective of any conversations had between Produce One's president and Defendant Cerniglia regarding Defendant Cerniglia's alleged lack of intent to pay, the Court simply remains unconvinced that the agreement is unenforceable.

Produce One's argument that the agreement should be rescinded pursuant to the doctrine of mistake is equally without merit.  Here, the Court can find no fraud, deceit, or mistake, and the material terms of the contract are clear and unambiguous.  As the case relied on by Produce One states, "neither party can escape liability by the mere statement that he made a mistake."  Singer v. Grand Rapids Match Co., 117 Ga. 86, 94, 43 S.E. 755, 757 (1903).  There is no patent mistake in the instant case, and the agreement must be enforced as negotiated and agreed to by the parties.

Finally, in support of its argument that this agreement should not be enforced, Produce argues that it previously rejected an offer of $60,000.00 cash now.  To the extent that Produce One essentially argues that Defendants Lewis, Cerniglia, and Green are seeking to have the Court give effect to an offer that Produce One previously rejected, the Court cannot agree.  A review of the prior offer to which Produce One refers reflects that Defendants had offered $60,000.00 cash now, plus $30,000.00 secured over time from Defendants Cerniglia and Green, plus whatever monies Produce One received from the bankruptcy proceedings.  Pursuant to that agreement, Defendants Lewis, Cerniglia, and Green were offering only $90,000.00 total.  The instant agreement, however, entitles Produce One to $60,000.00 from Defendant Lewis, $25,0000.00 from each Defendants Cerniglia and Green to be secured over time, plus whatever Produce One receives from the bankruptcy proceedings.  The latter offer amounts to Defendants Lewis, Cerniglia, and Green offering $110,000.00 total.  Insofar as the instant agreement is markedly different

from the prior offer of $60,000.00 cash now, it is clear that Produce One is not in the position it would have been in had it accepted the prior offer made by Defendants Lewis, Cerniglia, and Green.

## III.    CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Enforce Settlement [Doc. No. 54].  Accordingly, the Court concludes that the case is settled as between Plaintiff Produce One, Inc., Defendant Morris C. Lewis, III, Defendant Jonathon Scott Green and Defendant Joseph T. Cerniglia, on the terms set forth in the Release and Settlement Agreement, Stipulation and Order, Joint Motions for Entry of Consent Judgment, and Consent Judgments, which are attached hereto as Exhibits 1 through 6, respectively, and incorporated herein.

The pending Motion for Summary Judgment [Doc. No. 55] is **DENIED as moot.**

SO ORDERED this _8th_ day of _February_, 2005.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE